**LAWRENCE C. HERSH**
Attorney at Law
17 Sylvan Street, Suite 102B
Rutherford, NJ  07070
(201) 507-6300
*Attorney for Plaintiff, on behalf of himself and all others similarly situated*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| NESTOR SAROZA, on behalf of himself and all others similarly situated, | |
| Plaintiff, | Civil Action No. |
| vs. | **CLASS ACTION COMPLAINT AND JURY TRIAL DEMAND** |
| ARS NATIONAL SERVICES, INC., | |
| Defendant. | |

Plaintiff NESTOR SAROZA ("Plaintiff"), on behalf of himself and all others similarly situated, by and through his undersigned attorney, alleges against the above-named Defendant ARS NATIONAL SERVICES, INC., the following:

### INTRODUCTION

1. This is an action for actual and statutory damages brought by Plaintiff NESTOR SAROZA, an individual consumer, against Defendant ARS NATIONAL SERVICES, INC. ("ARS" or "Defendant") for a violation of the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331. This is an action for violations of 15 U.S.C. § 1692 *et seq*.

3. Venue is proper in this district under 28 U.S.C. §1391(b) because jurisdiction is not founded solely on diversity of citizenship and Plaintiff resides in this jurisdiction.

## DEFINITIONS

4. As used in reference to the FDCPA, the terms "creditor," "communication," "consumer," "debt," and "debt collector" are defined in § 803 of the FDCPA and 15 U.S.C. § 1692a.

## JURY DEMAND

5. Plaintiff demands a jury trial on all issues.

## III. PARTIES

6. The FDCPA, 15 U.S.C. § 1692 et seq., which prohibits certain debt collection practices, provides for the initiation of court proceedings to enjoin violations of the FDCPA and to secure such equitable relief as may be appropriate in each case.

7. Plaintiff NESTOR SAROZA is a natural person residing in Hudson County, New Jersey and is a "Consumer" as defined by 15 U.S.C. § 1692a(3).

8. Based upon information and belief defendant ARS NATIONAL SERVICES, INC. ("ARS") is a California Corporation organized under the laws of the State of California with its principle place of business located in Escondido, CA.

9. Based upon information and belief, Defendant is in the business of collecting debts in this state. Defendant's principal purpose is the collection of debts in this state, and Defendant attempts to collect debts alleged to be due another.

10. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of, which is to attempt to collect debts alleged to be due another. Defendant is a "Debt Collector" as that term is defined by 15 U.S.C. §1692(a)(6).

## CLASS ACTION ALLEGATIONS

11. Plaintiff brings this action as a state wide class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure (hereinafter "FRCP"), on behalf of himself and all New Jersey consumers and their successors in interest (the "Class"), who have received debt collection letters and/or notices from the Defendant which are in violation of the FDCPA, as described in this Complaint.

12. This Action is properly maintained as a class action. The Class consists of:

- All New Jersey consumers who were sent collection letters from Defendant, which contain at least one of the alleged violations arising from Defendant's violation of 15 U.S.C. section 1692 *et. seq.*
- The Class period begins one year to the filing of the complaint.

13. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

- Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received debt collection letters and/or notices from the Defendant that violate specific provisions of the FDCPA. Plaintiff is complaining of a standard form letter and/or notice that is sent to hundreds of persons (*See* **Exhibit A**, except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);
- There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation:

    a. Whether the defendant violated various provisions of the FDCPA, including, but not limited to: 15 U.S.C. §§1692d, 1692e and 1692f, and subsections cited therein.

    b. Whether Plaintiff and the Class have been injured by the Defendant's conduct;

    c. Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing, and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

   d. Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories;
- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class;
- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class;
- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action;
- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.  Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages.  If Defendant's conduct is allowed to proceed

   without remedy they will continue to reap and retain the proceeds of their ill-gotten gains;

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## IV. FACTUAL ALLEGATIONS

14. Plaintiff is at all times to this lawsuit, a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

15. ARS collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone or Internet.

16. ARS is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

17. Sometime prior to May 5, 2016, Plaintiff allegedly incurred a financial obligation to Chase Bank U.S.A., N.A. ("CHASE").

18. CHASE is a "creditor" as defined by 15. U.S.C. § 1692a(4).

19. Sometime before May 5, 2016, CHASE, either directly or through intermediate transactions, assigned, placed, or transferred the CHASE obligation to ARS for collection.

20. At the time the CHASE obligation was assigned, placed, or transferred to ARS, such obligation was in default.

21. ARS caused to be delivered to Plaintiff a letter dated May 5, 2016 concerning the alleged CHASE obligation, which sought a balance of $11.899.92. A copy of said letter is attached as **Exhibit A**.

22. The May 5, 2016 letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

23. Upon receipt, Plaintiff read the May 5, 2016 letter.

24. The alleged CHASE obligation arose out of a transaction in which money, property, insurance or services, which are the subject of the transaction, were primarily for personal, family or household purposes.

25. The May 5, 2016 collection letter states:

> When your final payment is received, we will advise our client so that it may notify any credit reporting agencies to which it reports of the updated status of the account:

("The Credit Reporting Language")

26. The Credit Reporting Language falsely and confusingly suggests that Plaintiff must make full payment of the amount sought, or full payments under a payment plan, before the credit reporting agencies will be notified by Chase that Plaintiff has made any payments toward the account.

27. However, Chases is obligated to notify the credit reporting agencies of updates to Plaintiff's account prior to a "final payment" made by Plaintiff.

28. Interim payments by Plaintiff would affect how credit reporting agencies report: (i) the balance of the Chase debt; (ii) recent payments on the account; and/or (iii) the amount "charged off" on the Chase account, among other variables.

29. Chase reports information to credit reporting agencies pursuant to

subscriber agreements or other binding and subsisting contracts. Thus, Chase is obligated to report information to credit reporting agencies accurately, and could not disregard interim payments made by consumers on Chase credit accounts.

30. Defendant's May 5, 2016 letter seeks to induce consumers to make full payment of amounts sought, or full payment under a payment plan, by promising consumers the benefits of updated credit reporting. In fact, consumers are entitled to receive updated credit reporting even where they make only interim payments.

31. Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

32. Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

33. Defendant violated Plaintiff's right not to be the target of misleading debt collection communications.

34. Defendant violated Plaintiff's right to a truthful and fair debt collection process.

35. Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

36. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

37. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose

of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his right to enjoy these benefits, these materially misleading statements trigger liability under the Act.

38. These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

39. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered damages, including, but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment. Plaintiff and putative class members are entitled to preliminary and permanent injunctive relief, including, declaratory relief, and damages.

40. Upon information and belief, Defendant sent a written communication, in the form annexed hereto as Exhibit A, to at least 50 natural persons in the State of New Jersey within one year of the date of this Complaint.

## COUNT I

**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

41. Plaintiff, on behalf of himself and others similarly situated, repeats and realleges all prior allegations as if set forth at length herein.

42. Defendant violated 15 U.S.C. § 1692d of the FDCPA by engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

43. Defendant violated 15 U.S.C. § 1692e of the FDCPA by using any false, deceptive or misleading representation or means in connection with its attempt to collect a debt from Plaintiff.

44. ARS violated 15 U.S.C. §1692e(5) by threatening to take any action that cannot legally be taken or that is not intended to be taken.

45. ARS violated 15 U.S.C. §1692e(8) by communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed

46. ARS violated 15 U.S.C. §1692e(10) the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

47. ARS violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect on a debt.

**WHEREFORE,** Plaintiff demands judgment against the Defendant as follows:

(a) Awarding Plaintiff statutory damages;

(b) Awarding Plaintiff actual damages;

(c) Pre-judgment interest;

(d) Post judgment interest;

(e) Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses; and

(f) Awarding Plaintiff such other and further relief as the Court may deem just and proper.

Dated:   May 4, 2017                                          Respectfully submitted,


By: <u>s/ Lawrence C. Hersh</u>
  Lawrence C. Hersh, Esq.
  17 Sylvan Street, Suite 102B
  Rutherford, NJ  07070
  (201) 507-6300

  *Attorney for Plaintiff on behalf of*
  *himself and all others similarly situated*


## CERTIFICATION PURSUANT TO LOCAL RULE 11.2

I, Lawrence C. Hersh, the undersigned attorney of record for Plaintiff, do hereby certify to my own knowledge and based upon information available to me at my office, the matter in controversy is not the subject of any other action now pending in any court or in any arbitration or administrative proceeding.

Dated:   May 4, 2017               By: <u>s/ Lawrence C. Hersh</u>
                                     Lawrence C. Hersh, Esq.

EXHIBIT A

Department #110840
P.O. Box 1259
Oaks, PA 19456

ARS National Services Inc.
PO Box 469046
Escondido, CA 92046-9046
(800) 232-1258 FAX: (866) 422-0765
www.PayARS.com

May 05, 2016

NESTOR SAROZA

**ACCOUNT IDENTIFICATION**
Creditor: Chase Bank U.S.A., N.A.
Account No.: ************4640
ARS Reference No.: ▉▉▉▉551
Balance: $11,899.92



Dear Sir/Madam:

We would like to recommend the following payment options to resolve your unpaid account. Please choose one of the following options:

1. Settle your account at 33% of the above balance in two installments:
(If you cannot make the settlement payment by the dates below, please contact us to discuss all your payment options.)

      Payment One: $1,963.49 by 5/22/2016      Payment Two: $1,963.49 by 6/21/2016

2. Good faith payment with payment plan:
Enclose your good faith down payment of $1,190.00 and send monthly payments of $595.00 until the balance is paid. If you cannot make the payment by the 25th of each month, please contact us to discuss all your payment options.

We reserve the right to treat any missed or late payment as a cancellation of the agreement. We are not obligated to renew these offers. Upon receipt of your final payment, ARS and our client will consider this account either paid in full or settled based on the option chosen.

To make a payment or review other options on this account, please visit our website at www.PayARS.com which is available 24 hours a day. ARS also offers "Quick Check" by phone, Western Union "Quick Collect" (Code City: ARS 32469551), and Moneygram "Express Payment" (Receive Code: 3973). Payments can be mailed to the ARS Escondido, CA address above. When your final payment is received, we will advise our client so that it may notify any credit reporting agencies to which it reports of the updated status of the account.

If we settle this debt with you for less than the full outstanding balance, Chase may offer you less favorable terms in the future for some Chase products or services, or may deny your application.

Contact your account representative at (800) 232-1258 for details. Office hours are Monday through Friday, 6:00 a.m. - 7:00 p.m. and Saturday 6:00 a.m. - 10:00 a.m. (Pacific Time).

Sincerely,
Kandie Webster x1389
Account Representative

**THIS COMMUNICATION IS FROM A DEBT COLLECTOR.  THIS IS AN ATTEMPT TO COLLECT A DEBT.  ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

1 of 1

109968-BOH433-31221